IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00945-WJM-STV

TAGE RUSTGI,

      Plaintiff,

v.

STEVE REAMS, in his individual and official capacities,
MICHAEL RECOR, in his individual capacity,
TYLER PISCOYA, in his individual capacity,
CORY CHANNEL, in his individual capacity,
JOSEPH MARTINEZ, in his individual capacity,
MICHAEL THOMPSON, in his individual capacity,
KYLE PENNY, in his individual capacity,
ANDREW WILSON, in his individual capacity,
SAVANNAH COBLE, in her individual capacity,
ANNA ERICKSON, in her individual capacity,
BOARD OF COUNTY COMMISSIONERS OF COUNTY OF WELD, COLORADO,

      Defendants.

---

**DEFENDANTS' <u>UNOPPOSED</u> MOTION TO RESTRICT ACCESS TO
EXHIBITS A, B C1-C4, AND D1-D2 TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMEDNED COMPLAINT [ECF 50]**

---

      Defendants Sheriff Steven Reams, Michael Recor, Tyler Piscoya, Cory Channel, Joseph

Martinez, Michael Thompson, Kyle Penny, Andrew Wilson, Savannah Coble, Anna Erickson, and

the Board of County Commissioners of Weld County Colorado ("BOCC") (collectively

"Defendants"), by and through their attorneys, Matthew J. Hegarty, Esq., and Aaron J. Thompson,

Esq., and pursuant to Fed. R. Civ. P. 42(b), hereby submit their Unopposed Motion to Restrict

Access to **Exhibits A, B, C1-C4, and D1-D2** to Defendants' Motion to Dismiss Plaintiff's

Amended Complaint [ECF 50] and restrict public access to the materials submitted conventionally

to the Court via secure ShareFile link emailed to the Court and Plaintiff's counsel. In support of this Unopposed Motion, Defendants state the following:

**D.C.COLO.LCivR 7.1(a):** As indicated in the title of this Motion, after defense counsel conferred with Plaintiff's counsel respecting this Motion, Plaintiff's counsel indicated Plaintiff did not oppose the Motion so long as Plaintiff's counsel received a copy of whatever materials were sought to be submitted under Level 1 Restriction. Defense counsel committed to do so, and did so via secure ShareFile link emailed to the Court and Plaintiff's counsel contemporaneously.

1.      At issue in this case is whether the Individual Defendants are liable for an alleged excessive use of force under the Fourth and Fourteenth Amendments and whether the County Defendants are liable under failure to train and failure to supervise theories. [*See generally* ECF 50]. Defendants have moved to dismiss all claims.

2.      Plaintiff's Amended Complaint makes reference to surveillance video, which captures Plaintiff, and the actions of Defendant Deputies, in the Weld County Jail ("WCJ"). [*See* ECF 50 ¶¶ 32, 36, 39, 42, 47, 49, 50, 54, 58, 89]. Plaintiff's Amended Complaint also includes screenshots from surveillance videos. [*Id.* at ¶¶ 33, 37, 38, 43 46, 48, 50]. And Plaintiff's Amended Complaint makes repeated reference to the Deputies' body-worn cameras. [*Id.* at ¶¶ 13, 58, 89].

3.      Because these materials are central to Plaintiff's claims and are incorporated and repeatedly referenced throughout the Amended Complaint, Defendants submit these materials in connection with their Motion to Dismiss in order to assist the Court in its review of the same.

4.      As discussed in greater detail in Defendants' Motion to Dismiss, the attachment of these materials is necessary and proper. *See, e.g., **Tellabs, Inc. v. Makor Issues & Rights, Ltd.**,* 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular,

documents incorporated into the complaint by reference[.]"); ***Smith v. United States***, 561 F.3d 1090, 1098 (10th Cir. 2009); ***TMJ Implants, Inc. v. Aetna, Inc.***, 498 F.3d 1175, 1180 (10th Cir. 2007); ***Jackson v. Gatto***, 2014 WL 2743130, at *6-7 (D. Colo. June 17, 2014) (considering video on Motion to Dismiss where video was specifically referenced in the operative pleading).

5.      In light of the above authorities, Defendants are attaching video footage from Surveillance Camera 1 (**Exhibit A**); Surveillance Camera 2 (**Exhibit B**); Defendant Penny's body-worn camera (**Exhibits C1-C4**); and Defendant Piscoya's Body Worn Camera (**Exhibits D1-D2**). These materials may be accessed via the secure ShareFile link emailed to the Court and Plaintiff's counsel which is not being set forth in this Unopposed Motion out of an abundance of caution.

6.      D.C.COLO.LCivR 7.2 governs motions to restrict public access to court documents and outlines a five-part analysis for a request to restrict public access to court documents. Defendants meet the requirements of each section of the rule with respect to these videos.

7.      First, the videos, for which Defendants seek to restrict access, consist of the surveillance and body camera footage above described, which contain information pertinent to the claims and defenses in this case.

8.      Second, the Parties have previously stipulated these materials would be designated Confidential [ECF 32 § I.3.c]. Furthermore, the interests to be protected include: depiction of the security procedures used at WCJ, the Weld County Sheriff's Office's methods for maintaining officer safety, the booking protocols used in the WCJ, the location of security cameras present in the booking area, the layout of the WCJ booking facility, the fact other (potentially innocent) detainees can be seen on the video, and the risk of potential embarrassment to Plaintiff.

9.      Third, while the public may be interested in such information, the law enforcement interest in maintaining the confidentiality of information that may impede safe Deputy contacts

with detainees is superior to the public's interest in this matter. If public access to these videos is not restricted, the videos could be used by criminal detainees to hinder safe deputy contacts and will compromise the security of the WCJ.

10.     Fourth, a lesser means of protection is not practicable for these videos. Further, Plaintiff's counsel is in possession of full, unredited copies of these videos, which have been designated confidential pursuant to the Protective Order entered in this case. [ECF 32 at § I.3.c].

8. Fifth, Defendants' request is timely, pursuant to D.C.COLO.LCivR 7.2(e).

9. A Cover Page noticing the provision of the restricted materials is attached hereto as **Exhibit A**.

For the foregoing reasons, Defendants request **Exhibits A, B, C1-C4, D1-D4** to their Motion to Dismiss Plaintiff's Amended Complaint, contained in a secure ShareFile link emailed to the Court and Plaintiff's counsel which link is not being set forth in this Unopposed Motion out of an abundance of caution, be protected by shielding public access thereto, and filed under Level 1 Restriction, affording access only to the attorneys of record, the parties hereto, and the Court.

Dated and respectfully submitted this 10th day of August, 2020.

*s/ Aaron J. Thompson*
Aaron J. Thompson, Esq.
Matthew J. Hegarty, Esq.
HALL & EVANS, L.L.C.
1001 17th Street, Suite 300
County Defendants, CO 80202
T:  (303) 628-3300
F:  (303) 628-3368
thompsona@hallevans.com
hegartym@hallevans.com
**ATTORNEYS FOR DEFENDANTS STEVE REAMS,
MICHAEL RECOR, TYLER PISCOYA, CORY
CHANNEL, JOSEPH MARTINEZ, MICHAEL
THOMPSON, KYLE PENNY, ANDREW WILSON,
SAVANNAH COBLE, ANNA ERICKSON, and
BOARD OF COUNTY COMMISSIONERS OF
COUNTY OF WELD, COLORADO**

<u>**CERTIFICATE OF SERVICE [CM/ECF]**</u>

I hereby certify that, on this 10th day of August, 2020, I electronically filed the foregoing

**DEFENDANTS'** <u>**UNOPPOSED**</u> **MOTION TO RESTRICT ACCESS TO  EXHIBITS A, B**

**C1-C4, AND D1-D2 TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**

**AMEDNED COMPLAINT [ECF 50]**, with the Clerk of Court using the CM/ECF system which

will send notification of such filing to the following email addresses:

> **David G. Maxted, Esq.**
> **MAXTED LAW LLC**
> dave@maxtedlaw.com
>
> **Kathryn J. Stimson, Esq.**
> **STIMSON STANCIL LABRANCHE HUBBARD, LLC**
> stimson@sslhlaw.com
>
> *Attorneys for Plaintiff*

> <u>*s/ Marlene Wilson*</u>, Legal Assistant to
> Aaron J. Thompson, Esq.
> Matthew J. Hegarty, Esq.
> HALL & EVANS, L.L.C.
> 1001 17th Street, Suite 300
> County Defendants, CO 80202
> T:  (303) 628-3300
> F:  (303) 628-3368
> thompsona@hallevans.com
> hegartym@hallevans.com
> **ATTORNEYS FOR DEFENDANTS STEVE REAMS,**
> **MICHAEL RECOR, TYLER PISCOYA, CORY**
> **CHANNEL, JOSEPH MARTINEZ, MICHAEL**
> **THOMPSON, KYLE PENNY, ANDREW WILSON,**
> **SAVANNAH COBLE, ANNA ERICKSON, and**
> **BOARD OF COUNTY COMMISSIONERS OF**
> **COUNTY OF WELD, COLORADO**