IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 20-cv-00945-WJM-STV

TAGE RUSTGI,

     Plaintiff,

v.

STEVE REAMS, in his individual capacity,
MICHAEL RECOR, in his individual capacity,
TYLER PISCOYA, in his individual capacity,
JOSEPH MARTINEZ, in his individual capacity,
MICHAEL THOMPSON, in his individual capacity,
KYLE PENNY, in his individual capacity,
ANDREW WILSON, in his individual capacity,
SAVANNAH COBLE, in her individual capacity,
ANNA ERICKSON, in her individual capacity,
BOARD OF COUNTY COMMISSIONERS OF COUNTY OF WELD, COLORADO,

     Defendants.

_____

**DEFENDANT SERGEANT MICHAEL THOMPSON'S ANSWER, DEFENSES, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

_____

Defendant Weld County Sheriff's Office Sergeant Michael Thompson ("Defendant"), through his counsel, Matthew J. Hegarty and Katherine N. Hoffman of Hall & Evans, L.L.C., hereby submits his Answer, Defenses, Affirmative Defenses, and Jury Demand to Plaintiff's First Amended Complaint and Jury Demand ("Complaint"), and admits, denies, and avers as follows:

**<u>RESPONSE TO "INTRODUCTION"</u>**

1.     Paragraph 1 of the Complaint is a purely prefatory statement containing a wide variety of legal conclusions and self-serving statements from Plaintiff Tage Rustgi

("Plaintiff"), to which no response is required. To the extent any allegations in Paragraph 1 are deemed factual, Defendant denies the Weld County Sheriff's Office ("WCSO") has a custom of militarized violence and weaponry and denies WCSO abuses pretrial detainees at the Weld County Jail ("Jail").[1] Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 1, and on that basis denies them.

2.      Responsive to the allegations in Paragraph 2 of the Complaint, Defendant admits Plaintiff was not charged with any criminal charges on June 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 2, and on that basis denies them.

3.      Responsive to the allegations in Paragraph 3 of the Complaint, Defendant admits that the Special Operations Group ("SOG") is a group of deputies specially trained to deal with emergency situations. Defendant admits SOG deputies are trained in the reasonable application of certain non-lethal use of force equipment and tactics, including shotguns containing nova distraction rounds ("NDRs") and physical force. Defendant admits the WCSO previously hired Joseph Garcia as a contractor to provide some training to SOG deputies. Defendant denies WCSO presently works with Garcia. Defendant denies all remaining allegations in Paragraph 3.

4.      The allegations in Paragraph 4 of the Complaint are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent the allegations in Paragraph 4 are deemed factual in nature, Defendant admits WCSO

---

[1] Defendant was incorrectly identified as a Deputy in Plaintiff's Complaint. Defendant was promoted to Sergeant in May 2018.

hired Garcia as a contractor to provide some training to SOG deputies. Defendant denies WCSO presently works with Garcia. Defendant denies WCSO policies are unconstitutional, contrary to legitimate penal justification, contrary to appropriate standards in a detention setting, extremely dangerous, or unnecessary. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 4, and on that basis denies these allegations.

5.      Responsive to the allegations in Paragraph 5 of the Complaint, Defendant admits that SOG deputies are authorized to use reasonable force, including Kel-Tec shotguns with NDRs or starlight rounds (rubber projectiles). Absent additional factual context, Defendant is without sufficient information and knowledge to admit or deny allegations regarding the capability of starlight rounds, and, on that basis, denies these allegations. Defendant denies all remaining allegations in Paragraph 5.

6.      Responsive to the allegations in Paragraph 6 of the Complaint, Defendant admits NDRs can create a loud noise. Absent additional factual context, Defendant is without sufficient information and knowledge to admit or deny allegations regarding whether NDRs can cause severe injury or death, and, on that basis, denies these allegations. Defendants lacks knowledge or information sufficient to admit or deny any use of force allegations regarding Plaintiff, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraph 6.

7.      Responsive to the allegations in Paragraph 7 of the Complaint, Defendant is without sufficient information and knowledge to admit or deny allegations regarding SOG training, and, on that basis, denies these allegations; however, Defendant denies

the inflammatory allegation SOG deputies use violence or intimidation with detainees. Defendant denies all remaining allegations in Paragraph 7.

8.      Responsive to the allegations in Paragraph 8 of the Complaint, Defendant admits SOG deputies conduct operations in the Jail. Defendant admits SOG deputies' uniforms are green and they are equipped with vests and helmets. Defendant admits SOG deputies have access to non-lethal use of force equipment, including Kel-Tec shotguns. Defendant denies all remaining allegations in Paragraph 8.

9.      The allegations in Paragraph 9 of the Complaint are conclusory and seek to state an objectionable legal conclusion, to which no response is required. The allegations in Paragraph 9 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant denies all allegations in Paragraph 9.

10.     Responsive to the allegations in Paragraph 10 of the Complaint, Defendant denies he was a deputy on June 23, 2018. Defendant admits the remaining allegations in Paragraph 10.

11.     Responsive to the allegations in Paragraph 11 of the Complaint, Defendant denies the inflammatory characterization the Jail has a history of civil rights violations. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 11, and on that basis denies them.

12.     The allegations in Paragraph 12 of the Complaint are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent the allegations in Paragraph 12 are deemed factual in nature, Defendant admits Plaintiff was not charged with any criminal charges relating to his actions on June 23, 2018.

Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 12, and on that basis denies them.

13.     The allegations in Paragraph 13 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendants lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13, and on that basis denies them.

**RESPONSE TO "JURISDICTION AND VENUE"**

14.     Defendant admits Plaintiff contends his constitutional rights allegedly were violated, but states Plaintiff's claims are without merit and Plaintiff is not entitled to any of the relief he seeks in the Complaint to the extent alleged in Paragraph 14 of the Complaint. Defendant denies 42 U.S.C. § 1983 provides an independent basis for this Court's jurisdiction, to the extent Plaintiff may assert such claims in proper fashion to the extent alleged in Paragraph 14. Defendant denies all other allegations in Paragraph 14 while noting that constitutional provisions and federal statutes speak for themselves.

15.     Defendant admits Plaintiff contends his constitutional rights allegedly were violated, but states Plaintiff's claims are without merit and Plaintiff is not entitled to any of the relief he seeks in the Complaint to the extent alleged in Paragraph 15 of the Complaint. Defendant admits this Court has jurisdiction over matters involving federal questions pursuant to 28 U.S.C. § 1331. Defendant denies all other allegations in Paragraph 15 while noting that federal rules and statutes speak for themselves.

16.     Defendant admits Plaintiff contends his constitutional rights allegedly were violated but denies 42 U.S.C. § 1988 is a jurisdictional statute and states Plaintiff's claims are without merit and Plaintiff is not entitled to any of the relief he seeks in the Complaint

to the extent alleged in Paragraph 16 of the Complaint. Defendant denies all other allegations in Paragraph 16 while noting federal rules and statutes speak for themselves.

17.     Defendant does not contest propriety of venue to the extent asserted in Paragraph 17 of the Complaint, but states Plaintiff's claims are without merit and Plaintiff is not entitled to any relief the Complaint seeks to the extent alleged in Paragraph 17.

## RESPONSE TO "PARTIES"

18.     Responsive to the allegations in Paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18, and on that basis denies them.

19.     The allegations in Paragraph 19 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits Sheriff Steve Reams ("Sheriff") was employed by WCSO on June 23, 2018 as the Sheriff. Defendant admits the Sheriff is a policymaker and final decisionmaker for WCSO to some degree. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 19, and on that basis denies them.

20.     The allegations in Paragraph 20 of the Complaint are not directed at Defendant, so no response is required from Defendant. All of Plaintiff's claims against Sergeant Cory Channel were dismissed by the Court pursuant to a Motion to Dismiss, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits upon information and belief Cory Channel was employed by the WCSO as a Sergeant on June 23, 2018. Defendant lacks knowledge or information

sufficient to admit or deny the remaining allegations in Paragraph 20, and on that basis denies them.

21.     The allegations in Paragraph 21 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits upon information and belief Joseph Martinez was employed by the WCSO as a Sergeant on June 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 21, and on that basis denies them.

22.     Defendant admits the allegations in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits upon information and belief Michael Recor was employed by the WCSO as a Deputy on June 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 23, and on that basis denies them.

24.     The allegations in Paragraph 24 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits upon information and belief Kyle Penny was employed by the WCSO as a Deputy on June 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 24, and on that basis denies them.

25.     The allegations in Paragraph 25 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from

Defendant may be required, Defendant admits upon information and belief Tyler Piscoya was employed by the WCSO as a Deputy on June 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 25, and on that basis denies them.

26.     The allegations in Paragraph 26 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits upon information and belief Andrew Wilson was employed by the WCSO as a Deputy on June 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 26, and on that basis denies them.

27.     The allegations in Paragraph 27 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits upon information and belief Savannah Coble was employed by the WCSO as a Deputy on June 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 27, and on that basis denies them.

28.     The allegations in Paragraph 28 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits upon information and belief Anna Erickson was employed by the WCSO as a Deputy on June 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 28, and on that basis denies them.

29.     The allegations in Paragraph 29 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits the Board of County Commissioners of Weld County, Colorado ("Weld County") is a governmental entity charged under the laws of Colorado and a policymaker for WCSO to some degree. Defendant states C.R.S. § 30-11-105 speaks for itself and denies any characterizations inconsistent therewith. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 29, and on that basis denies them.

## RESPONSE TO "FACTUAL ALLEGATIONS"

30.     Responsive to the allegations in Paragraph 30 of the Complaint, Defendant admits Plaintiff was intoxicated by alcohol on June 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 30, and on that basis denies them.

31.     Responsive to the allegations in Paragraph 31 of the Complaint, Defendant admits Plaintiff was intoxicated by alcohol on June 23, 2018. Defendant admits Plaintiff was placed in a detox hold because of his alcohol intoxication and held at the Jail. Defendant admits Plaintiff was not charged with any criminal charges relating to his conduct on June 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 31, and on that basis denies them.

32.     Responsive to the allegations in Paragraph 32 of the Complaint, Defendant admits WCSO's video surveillance documented events taking place in the arrest vestibule area on June 23, 2018. To the extent Plaintiff's descriptions of events taking place in the arrest vestibule area differ from the video footage, are incomplete, or are otherwise taken

out of context, Defendant denies Plaintiff's allegations. Defendant denies Plaintiff was cooperative and denies no security issues were caused by Plaintiff's belligerence. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 32, and on that basis denies them.

33.     Responsive to allegations in Paragraph 33 of the Complaint, Defendant states WCSO's video surveillance footage speaks for itself and denies any allegations which differ from the video footage, are incomplete, or are otherwise taken out of context. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33, and on that basis denies them.

34.     Responsive to the allegations in Paragraph 34 of the Complaint, Defendant denies Plaintiff was compliant. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 34, and on that basis denies them.

35.     Responsive to the allegations in Paragraph 35 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35, and on that basis denies them.

36.     Responsive to the allegations in Paragraph 36 of the Complaint, Defendant admits SOG deputies wear ear protection as part of their standard-issue equipment but denies he made any specific observations of any SOG deputies wearing ear protection. Defendant states WCSO's video surveillance footage speaks for itself and denies any allegations which differ from the video footage, are incomplete, or are otherwise taken out of context. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 36, and on that basis denies them.

37.     Responsive to the allegations in Paragraph 37 of the Complaint, Defendant admits SOG deputies wear ear protection as part of their standard-issue equipment but denies he made any specific observations of Deputy Wilson wearing ear protection. Defendant states WCSO's video surveillance footage speaks for itself and denies any allegations which differ from the video footage, are incomplete, or are otherwise taken out of context. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 37, and on that basis denies them.

38.     Responsive to the allegations in Paragraph 38 of the Complaint, Defendant admits SOG deputies wear ear protection as part of their standard-issue equipment but denies he made any specific observations of Deputy Piscoya wearing ear protection. Defendant states WCSO's video surveillance footage speaks for itself and denies any allegations which differ from the video footage, are incomplete, or are otherwise taken out of context. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 38, and on that basis denies them.

39.     Responsive to the allegations in Paragraph 39 of the Complaint, Defendant admits SOG deputies wear ear protection and gloves as part of their standard-issue equipment but denies he made any specific observations of Deputy Penny wearing ear protection or gloves. Defendant states WCSO's video surveillance footage speaks for itself and denies any allegations which differ from the video footage, are incomplete, or are otherwise taken out of context. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 39, and hence denies them.

40.     Responsive to the allegations in Paragraph 40 of the Complaint, Defendant admits SOG deputies wear ear protection as part of their standard-issue equipment but

denies he made any specific observations of Deputy Piscoya, Deputy Wilson, or Deputy Penny using ear protection. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 40, and on that basis denies them.

41.     Responsive to the allegations in Paragraph 41 of the Complaint, Defendant denies the inflammatory characterization WCSO's standard practices involve physical violence and assaultive conduct. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 41, and on that basis denies them.

42.     Responsive to the allegations in Paragraph 42 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 42, and on that basis denies them.

43.     Responsive to the allegations in Paragraph 43 of the Complaint, Defendant states WCSO's video surveillance footage speaks for itself and denies any allegations which differ from the video footage, are incomplete, or are otherwise taken out of context. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 43, and on that basis denies them.

44.     Responsive to the allegations in Paragraph 44 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44, and on that basis denies them.

45.     Responsive to the allegations in Paragraph 45 of the Complaint, Defendant denies Plaintiff was cooperative with orders while in Combative Cell 2 ("C2"). Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 45, and on that basis denies them.

46.     Responsive to the allegations in Paragraph 46 of the Complaint, Defendant denies the inflammatory allegation WCSO's standard practices involve violence and explosions. Defendant states WCSO's video surveillance footage speaks for itself and denies any allegations which differ from the video footage, are incomplete, or are otherwise taken out of context. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 46, and on that basis denies them.

47.     Responsive to the allegations in Paragraph 47 of the Complaint, Defendant denies the inflammatory allegation the discharge of NDRs constitutes an ordinary event or standard practice in the Jail.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 47, and on that basis denies them.

48-50.  Responsive to the allegations in Paragraphs 48-50 of the Complaint, Defendant states WCSO's video surveillance footage speaks for itself and denies any allegations which differ from the video footage, are incomplete, or are otherwise taken out of context. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 48-50, and on that basis denies them.

51.     Responsive to the allegations in Paragraph 51 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 51, and on that basis denies them.

52-53.  The allegations in Paragraphs 52-53 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits there were no cameras in cells, including C2. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraphs 52-53, and on that basis denies them.

54.     The allegations in Paragraph 54 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant denies the inflammatory characterization of a standard practice of WCSO which includes transporting detainees to cells, discharging NDRs, and physically assaulting detainees. Defendant denies he had any knowledge force would ultimately be needed to subdue Plaintiff. Defendant denies he was present in the arrest vestibule area when force when used against Plaintiff. Defendant states WCSO's video surveillance footage speaks for itself and denies any allegations which differ from the video footage, are incomplete, or are otherwise taken out of context. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 54, and on that basis denies them.

55.     Responsive to the allegations in Paragraph 55 of the Complaint, Defendant, speaking for himself only, denies all allegations in Paragraph 55.

56.     The allegations in Paragraph 56 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 56, and on that basis denies them.

57.     The allegations in Paragraph 57 of the Complaint are not directed at Defendant, so no response is required from Defendant. All of Plaintiff's claims against Sgt. Channel were dismissed by the Court pursuant to a Motion to Dismiss, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 57, and on that basis denies them.

58.     Responsive to the allegations in Paragraph 58 of the Complaint, Defendant, speaking for himself only, admits he was not disciplined for any of his interactions with Plaintiff but lacks knowledge or information sufficient to admit or deny allegations regarding other Defendants' discipline, and on that basis denies these allegations. Defendant admits C2 did not have a camera but denies C2 was out of view of other WCSO cameras. Defendant denies he had any knowledge force would ultimately be needed to subdue Plaintiff. Defendant denies he was present in the arrest vestibule area when force when used against Plaintiff. Defendant lacks knowledge or information sufficient to admit or deny allegations the remaining allegations in Paragraph 58, and on that basis denies these allegations.

59.     Responsive to the allegations in Paragraph 59 of the Complaint, Defendant states that the photograph of Plaintiff's injury speaks for itself and denies any allegations inconsistent therewith. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 59, and on that basis denies them.

60.     Responsive to the allegations in Paragraph 60 of the Complaint, Defendant admits Plaintiff was released from custody following the expiration of his detox hold. Defendant denies all remaining allegations in Paragraph 60.

**Response to "Defendant Reams' Unconstitutional Policies and Procedures"[2]**

61.     The allegations in Paragraph 61 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits the Sheriff and the BOCC are both

---

[2] To avoid confusion, Defendants include the headings used by Plaintiffs in their Complaint.  Defendants deny any allegations contained in these unnumbered headings.

policymakers and final decisionmakers for Weld County, each to some degree. Defendant denies all remaining allegations in Paragraph 61.

62.     The allegations in Paragraph 62 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant denies all allegations in Paragraph 62.

63.     The allegations in Paragraph 63 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits WCSO previously hired Garcia as a contractor to provide some training to SOG deputies. Defendant denies WCSO presently works with Garcia. Defendant denies all remaining allegations in Paragraph 63.

64.     Responsive to the allegations in Paragraph 64 of the Complaint, Defendant admits WCSO previously hired Garcia as a contractor to provide some training to SOG deputies. Defendant denies WCSO presently works with Garcia. Defendant admits SOG deputies have access to Kel-Tec shotguns and are authorized to use reasonable force with said shotguns. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 64, and on that basis denies them.

65-68.  Responsive to the allegations in Paragraphs 65-68 of the Complaint, Defendant states that Garcia's videos speak for themselves and are not reflective of the values of the WCSO or its employees. Defendant denies that he was involved in the making of any of Garcia's videos. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 65-68, and on that basis denies them.

69.     Responsive to the allegations in Paragraph 69 of the Complaint, Defendant states that Garcia's videos speak for themselves and are not reflective of the values of

the WCSO or its employees. Defendant lacks knowledge or information sufficient to admit or deny allegations regarding Garcia's tactics or marketing, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraph 69.

70.     Responsive to the allegations in Paragraph 70 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny all the allegations in Paragraph 70, and on this basis denies them.

71.     Responsive to the allegations in Paragraph 71 of the Complaint, Defendant admits WCSO previously hired Garcia as a contractor to provide some training to SOG deputies. Defendant denies WCSO presently works with Garcia. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 71, and on that basis denies them.

72.     The allegations in Paragraph 72 of the Complaint are conclusory and seek to state an objectionable legal conclusion, to which no response is required. The allegations in Paragraph 72 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant denies all allegations in Paragraph 72.

73.     The allegations in Paragraph 73 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant lacks knowledge or information sufficient to admit or deny allegations regarding present SOG training and previous SOG trainings conducted by Garcia, and on that basis denies these allegations. Defendant affirmatively denies the inflammatory allegations that WCSO deputies are quick to use unreasonable force and that the Sheriff has authorized a military combat approach to pretrial detention.

Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 73, and on that basis denies them.

74.     The allegations in Paragraph 74 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits SOG deputies wear vests and helmets and their uniforms are green. Defendant admits SOG deputies are authorized to use force when reasonable under the circumstances, including Kel-Tec shotguns with NDR and starlight rounds. Absent additional factual context, Defendant is without sufficient information and knowledge to admit or deny allegations regarding the capability of starlight rounds, and, on that basis, denies these allegations. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 74, and on that basis denies them.

75.     Responsive to the allegations in Paragraph 75 of the Complaint, Defendant admits SOG deputies' uniforms are green. Defendant lacks knowledge or information sufficient to admit or deny allegations regarding the reasons why SOG deputies' uniforms are green, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraph 75.

76.     The allegations in Paragraph 76 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant lacks knowledge or information sufficient to admit or deny all the allegations in Paragraph 76, and on that basis denies them.

77.     The allegations in Paragraph 77 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from

Defendant may be required, Defendant lacks knowledge or information sufficient to admit or deny any use of force allegations regarding Plaintiff, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraph 77.

78.     The allegations in Paragraph 78 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits generally two SOG deputies are assigned to each shift. Defendant denies all remaining allegations in Paragraph 78.

79.     The allegations in Paragraph 79 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant states WCSO Detention Policy 523.2.3 speaks for itself and denies any allegations inconsistent therewith. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 79, and on that basis denies them.

80.     Responsive to the allegations in Paragraph 80 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 80, and on that basis denies them.

81.     Responsive to the allegations in Paragraph 81 of the Complaint, Defendant admits Garcia called himself "Senior." Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 81, and on that basis denies them.

82.     Responsive to the allegations in Paragraph 82 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny all the allegations in Paragraph 82, and on that basis denies them.

83.     The allegations in Paragraph 83 of the Complaint are conclusory and seek to state an objectionable legal conclusion, to which no response is required. The allegations in Paragraph 83 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits SOG deputies are authorized to use Kel-Tec shotguns with NDRs when reasonable under the circumstances. Defendant lacks knowledge or information sufficient to admit or deny any use of force allegations regarding Plaintiff, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraph 83.

**Response to "Defendant Reams' and Weld County's Customs Constituting Policies"**

84.     The allegations in Paragraph 84 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits the Sheriff is responsible for WCSO policies. Defendant admits WCSO previously contracted with Garcia to provide some training to SOG deputies. Defendant denies WCSO still works with Garcia. Defendant denies all remaining allegations in Paragraph 84.

85.     Responsive to the allegations in Paragraph 85 of the Complaint, Defendant states that WCSO Policy 523.1.2 speaks for itself and denies any allegations which differ from the policy, are incomplete, or are otherwise taken out of context.

86.     The allegations in Paragraph 86 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits SOG deputies conduct patrols of the Jail and SOG deputies assisted in Plaintiff's initial processing at the Jail because he was

uncooperative and resisting commands. Defendant lacks knowledge or information sufficient to admit or deny any use of force allegations regarding Plaintiff, and hence denies these allegations. Defendant denies all remaining allegations in Paragraph 86.

87.   The allegations in Paragraph 87 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant states that WCSO Policy 523.2 speaks for itself and denies any allegations which differ from the policy, are incomplete, or are otherwise taken out of context. Defendant denies the allegations in Paragraph 87.

**Response to "Pattern and Custom of Civil Rights Violations"**

88.   The allegations in Paragraph 88 of the Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant denies the allegations in Paragraph 88.

89.   Responsive to the allegations in Paragraph 89, Defendant admits SOG deputies wear ear protection as part of their standard-issue equipment but denies he made any specific observations of the SOG Deputies using ear protection. Defendant admits there were no cameras in cells, including C2. Defendant denies the inflammatory allegations of a standard operating procedure of planned assaults on pretrial detainees. Defendant denies he had any knowledge force would ultimately be needed to subdue Plaintiff. Defendant denies he was present in the arrest vestibule area when force when used against Plaintiff. Defendant states WCSO's video surveillance footage speaks for itself and denies any allegations which differ from the video footage, are incomplete, or are otherwise taken out of context. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 89, and hence denies them.

90.     Responsive to the allegations in Paragraph 90 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny all the allegations in Paragraph 90, and on that basis denies them.

91.     Responsive to the allegations in Paragraph 91 of the Complaint, Defendant admits SOG deputies are scheduled for shifts in twos, wear green uniforms, and have access to non-lethal use of force equipment, including Kel-Tec shotguns. Defendant denies the inflammatory allegation SOG deputies allegedly rove the Jail intimidating and brutalizing detainees through their appearance, weapons, and conduct. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 91, and on this basis denies them.

92.     Responsive to the allegations in Paragraph 92 of the Complaint, Defendant admits WCSO issued Kel-Tec shotguns can hold NDR or starlight rounds and that the decision to deploy NDR or starlight rounds is made on a case-by-case basis depending on what is reasonable under the circumstances. Absent additional factual context, Defendant is without sufficient information and knowledge to admit or deny allegations regarding the capability of starlight rounds, and, on that basis, denies these allegations. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 92, and on that basis denies them.

93.     Responsive to the allegations in Paragraph 93 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny any use of force allegations regarding Plaintiff, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraph 93.

94-95. Responsive to the allegations in Paragraphs 94-95 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraphs 94-95, and on this basis denies them.

96.     Responsive to the allegations in Paragraph 96 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny any use of force allegations regarding Plaintiff, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraph 96.

97.     Responsive to the allegations in Paragraph 97 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny any use of force allegations regarding Plaintiff, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraph 97.

98(a-h). Responsive to the allegations in Paragraph 98(a-h) of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 98(a-h), and on this basis denies them.

99-100. Responsive to the allegations in Paragraphs 99-100 of the Complaint, Defendant denies inflammatory allegations of a culture of sadism or violence. Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding the specific incidents described in Paragraphs 99-100, and on this basis denies them.

101. Responsive to the allegations in Paragraphs 99-101 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny any use of force allegations regarding Plaintiff, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraph 101.

## RESPONSE TO "FIRST CLAIM FOR RELIEF"

102.    Responsive to the allegations in Paragraph 102 of the Complaint, Defendant incorporates by this reference his responses to all previous paragraphs.

103.    The allegations in Paragraph 103 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. To the extent Defendant is required to respond, Defendant states 42 U.S.C. § 1983 speaks for itself. To the extent Plaintiff's characterizations of the content of § 1983 do not comport with its express language, Defendant denies the same.

104.    The allegations in Paragraph 104 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. To the extent a response from Defendant may be required, Defendant, speaking for himself only, admits he is a person for purposes of § 1983. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 104, and on that basis denies them.

105.    Responsive to the allegations in Paragraph 105 of the Complaint, Defendant, speaking for himself only, admits he was acting under of color of state law on June 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 105, and on that basis denies them.

106.    The allegations in Paragraph 106 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. To the extent a response from Defendant may be required, Defendant states the Fourteenth and Fourth Amendments speak for themselves and denies any characterizations inconsistent therewith.

107.    The allegations in Paragraph 107 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. To the extent a response from Defendant may be required, Defendant states the Fourteenth Amendment speaks for itself and denies any characterizations inconsistent therewith.

108-110. The allegations in Paragraphs 108-110 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. To the extent a response from Defendant may be required, Defendant lacks knowledge or information sufficient to admit or deny any use of force allegations regarding Plaintiff, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraphs 108-110.

111.    The allegations in Paragraphs 111 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. To the extent a response from Defendant may be required, Defendant denies all the allegations in Paragraph 111.

112.    The allegations in Paragraph 112 of the Complaint are not directed at Defendant, so no response is required from Defendant. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 112, and on that basis denies them. Also, all of Plaintiff's claims against Sgt. Channel were dismissed by the Court pursuant to a Motion to Dismiss, so no response is required from Defendant regarding the allegations against Sgt. Channel. Regarding the allegations against Sgt. Martinez, Defendant lacks knowledge or information sufficient to admit or deny these allegations, and on that basis denies them.

113-115. The allegations in Paragraphs 113-115 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. To the extent a response from Defendant may be required, Defendant lacks knowledge or information sufficient to admit or deny any use of force allegations regarding Plaintiff, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraphs 113-115.

116.    The allegations in Paragraphs 116 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. To the extent a response from Defendant may be required, Defendant denies all the allegations in Paragraph 116.

117-120. The allegations in Paragraphs 117-120 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. To the extent a response from Defendant may be required, Defendant lacks knowledge or information sufficient to admit or deny any use of force allegations regarding Plaintiff, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraphs 117-120.

## RESPONSE TO "SECOND CLAIM FOR RELIEF"

121.    Responsive to the allegations in Paragraph 121 of the Complaint, Defendant incorporates by this reference his responses to all previous paragraphs.

122.    The allegations in Paragraph 122 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. Plaintiff's Second Claim for Relief was not brought against Defendant, so no response is required from Defendant.  To the extent a response from Defendant may be required, Defendant

lacks knowledge or information sufficient to admit or deny all the allegations in Paragraph 122, and on that basis denies them.

123-130. The allegations in Paragraphs 123-130 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. Plaintiff's Second Claim for Relief was not brought against Defendant, so no response is required from Defendant.  To the extent a response from Defendant may be required, Defendant denies all the allegations in Paragraphs 123-130.

## RESPONSE TO "THIRD CLAIM FOR RELIEF"

131.   Responsive to the allegations in Paragraph 131 of the Complaint, Defendant incorporates by this reference his responses to all previous paragraphs.

132-134. The allegations in Paragraphs 132-134 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. Plaintiff's Third Claim for Relief was not brought against Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant lacks knowledge or information sufficient to admit or deny all the allegations in Paragraph 132-134, and on that basis denies them.

135-140. The allegations in Paragraphs 135-140 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. Plaintiff's Third Claim for Relief was not brought against Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant denies all the allegations in Paragraphs 135-140.

## RESPONSE TO "FOURTH CLAIM FOR RELIEF"

141.   Responsive to the allegations in Paragraph 141 of the Complaint, Defendant incorporates by this reference his responses to all previous paragraphs.

142.   The allegations in Paragraph 142 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. To the extent a response from Defendant may be required, Defendant, speaking for himself only, admits he acted under color of state law on June 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 142, and on that basis denies them.

143.   Responsive to the allegations in Paragraph 143, Defendant states the Fourteenth Amendment speaks for itself and Defendant denies any characterizations inconsistent therewith.

144-150. The allegations in Paragraphs 144-150 of the Complaint are conclusory and seek to state objectionable legal conclusions, and therefore no response is required. To the extent a response from Defendant may be required, Defendant lacks knowledge or information sufficient to admit or deny any use of force allegations regarding Plaintiff, and on that basis denies these allegations. Defendant denies all remaining allegations in Paragraphs 144-150.

## RESPONSE TO "'WHEREFORE' CLAUSE"

151.   Defendant denies all allegations following the word "Wherefore" on pages 43-44 of the Complaint and denies Plaintiff is entitled to any of the relief listed as being sought in the "Wherefore" clause or its subparagraphs (a)-(h).

## STATEMENT OF DENIAL OF ALLEGATIONS NOT SPECIFICALLY ADMITTED

152.   Defendant expressly denies any and all allegations set forth in the Complaint but not specifically admitted in this Answer.

## DEFENSES AND AFFIRMATIVE DEFENSES

153.   PREFATORY STATEMENT: Counsel has not had an opportunity to participate in discovery through the close of the discovery period in this case or conduct a full investigation into this case's facts. Thus, the defenses set forth below are pled alternatively under Fed.R.Civ.P. 8(d). Defendant will withdraw or modify any defense as may be required under Fed.R.Civ.P. 11 if it is revealed after the discovery period concludes that Defendant cannot prevail in such defense.

154.   (1) The Complaint may fail to state a claim on which relief may be granted.

155.   (2) Plaintiff may not be entitled to any relief being sought or claimed in the Complaint under one or more of the legal theories asserted therein.

156.   (3) To any extent the Court concludes Defendant acted under color of state law with respect to Plaintiff, Defendant is entitled to absolute immunity or qualified immunity, or both such immunities, as well as common law and statutory immunities, with respect to some or all of Plaintiff's claims against him.

157.   (4) Plaintiff's claims against Defendant, or some of them, are barred in whole or in part by the failure of personal participation on the part of Defendant.

158.   (5) On information and belief, Plaintiff failed to mitigate his damages, if any.

159.   (6) On information and belief, some or all of Plaintiff's injuries and damages, if any, were either due to a preexisting condition, or were not aggravated by any act or

omission of Defendant, or were not proximately caused by or related to any act or omission of Defendant.

160. (7) All or part of Plaintiff's claims never achieved the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983.

161. (8) At all relevant times, Defendant acted in accord with all common law, statutory, and constitutional obligations, and without any intent to cause Plaintiff harm.

162. (9) At all relevant times, Defendant lacked the requisite intent to establish any claim against him of willful and wanton conduct, and indeed Defendant also possesses or possessed a reasonable good faith belief in the lawfulness of all his conduct, and Plaintiff's claims fail to establish any basis to conclude Defendant acted in a willful and wanton manner.

163. (10) Plaintiff's injuries, damages, or losses, if any, may have been proximately caused in whole or in part by his own acts or omissions, either in combination with one another or independent of one another.

164. (11) Plaintiff's injuries, damages, or losses, if any, may have been proximately caused by the acts or omissions of third parties over whom Defendant possessed no ability to control or right of control.

165. (12) To any extent, any act or omission on the part of Defendant was in any way involved in any detention of Plaintiff by anyone, any act or omission by Defendant was privileged under applicable law, including the privilege of police officers to use reasonable physical force to effect an arrest, keep a subject in custody, and defend himself or others.

166.    (13) In all respects, Defendant behaved in accordance with applicable legal authority in all acts or omissions associated with Plaintiff, negating any claim of liability asserted by Plaintiff against him.

167.    (14) To the extent Plaintiff was indemnified or compensated for his alleged injuries from any collateral source, Plaintiff's claimed damages, if any, may be subject to offset by virtue of amounts received from such other sources as provided by law.

168.    (15) Plaintiff is not entitled to, and may not recover, duplicative damages.

169.    (16) Plaintiff's claims may be barred in whole or in part by the doctrines of consent, estoppel, waiver, or unclean hands.

170.    (17) Defendant never breached any obligation or responsibility to anyone associated with any property or liberty interest of any party in relation to this matter.

171.    (18) Defendant acted in accord with all contractual and legal obligations.

172.    (19) To any extent Plaintiff seeks equitable or injunctive relief in the Complaint, Plaintiff cannot satisfy all or some of the prerequisites to a grant of equitable or injunctive relief in this matter and any request for injunctive relief is moot.

173.    (20) If any constitutional violation took place in his presence with his knowledge, which Defendant denies, Defendant did not fail or refuse to intervene and did not have any realistic, reasonable opportunity to intervene.

174.    (21) Defendant's training and supervision of subordinates met or exceeded constitutional and statutory standards with respect to all issues relevant to this action.

175.    (22) Defendant was neither aware of a relevant risk of harm to persons properly housed within the Weld County Jail, nor, even if he was aware, did he fail to take reasonable measures to prevent any such alleged risk of harm.

176.    (23) Defendant did not direct, endorse, or fail to prevent the unlawful conduct of others as a supervisor.

177.    (24) Defendant is not liable for any punitive damages under applicable law.

178.    (25) Defendant reserves his right to assert other or additional defenses and affirmative defenses as may become known in the course of these proceedings.

## DEFENDANT'S JURY DEMAND

179.    Defendant likewise demands trial by jury pursuant to Fed.R.Civ.P. 38(b).

WHEREFORE, having answered all allegations of the Complaint that require a response, Defendant Weld County Sheriff's Office Sergeant Michael Thompson moves the Court for an Order dismissing all elements of all claims against him in complete and total fashion, awarding him costs and attorney fees, and granting such other and further relief as the Court deems just and appropriate.

Dated and respectfully submitted this 30th day of June, 2021.

*s/ Katherine Hoffman*
Katherine N. Hoffman, Esq.
Matthew J. Hegarty, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Ste. 300
Denver, CO  80202
T:  303-628-3300
F:  303-628-3368
E:  hegartym@hallevans.com
     hoffmank@hallevans.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that, on this 30th day of June, 2021, I electronically filed the foregoing **DEFENDANT SERGEANT MICHAEL THOMPSON'S ANSWER, DEFENSES, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND** with the Clerk of Court via the CM/ECF system, thereby serving the following email addresses of counsel:

David G. Maxted
MAXTED LAW LLC
1543 Champa Street, Suite 400
Denver, CO 80202
Phone: 720-717-0877
dave@maxtedlaw.com

Kathryn J. Stimson
STIMSON STANCIL LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720-689-8909
stimson@sslhlaw.com

_s/ Marlene Wilson_, Legal Assistant to
Matthew J. Hegarty, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Ste. 300
Denver, CO  80202
T:  303-628-3300
F:  303-628-3368
E:  hegartym@hallevans.com
     hoffmank@hallevans.com
**ATTORNEYS FOR DEFENDANTS**