IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 20-cv-00945-WJM-STV

TAGE RUSTGI,

    Plaintiff,

v.

STEVE REAMS, in his individual capacity,
MICHAEL RECOR, in his individual capacity,
TYLER PISCOYA, in his individual capacity,
JOSEPH MARTINEZ, in his individual capacity,
MICHAEL THOMPSON, in his individual capacity,
KYLE PENNY, in his individual capacity,
ANDREW WILSON, in his individual capacity,
SAVANNAH COBLE, in her individual capacity,
ANNA ERICKSON, in her individual capacity,
BOARD OF COUNTY COMMISSIONERS OF COUNTY OF WELD, COLORADO,

    Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Fed.R.Civ.P. 16(b) Scheduling Conference occurred on July 21, 2021. David G. Maxted of the law firm MAXTED LAW LLC, 1543 Champa Street, Suite 400, Denver, CO 80202, telephone 720-717-0877, and Kathryn Stimson, of STIMSON STANCIL LABRANCHE HUBBARD, LLC, 1652 Downing Street, Denver, CO 80218, telephone 720-689-8909, appeared on behalf of Plaintiff Tage Rustgi. Matthew J. Hegarty of HALL & EVANS, L.L.C., 1001 17th Street, Suite 300, Denver, CO 80202, telephone 303-628-3300, appeared on behalf of Defendants.

### 2. STATEMENT OF JURISDICTION

This Court's jurisdiction to hear the case arises from 28 U.S.C. § 1331.

Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) as all or a substantial part of the events giving rise to the claims against Defendants, namely the injury Plaintiff contends he suffered, occurred within the jurisdiction of the United States District Court for the District of Colorado.

### 3.   STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:**

Plaintiff asserts claims under 42 U.S.C. § 1983 against the individual defendants for excessive force in violation of the Fourth and Fourteenth Amendment; against Defendant Steve Reams in his individual capacity based on both supervisory and individual liability for excessive force in violation of the Fourth and Fourteenth Amendment; against the Board of County Commissioners of Weld County under *Monell* liability for Fourth and Fourteenth Amendment violations; and against all individual defendants for violation of Plaintiff's substantive due process rights under the Fourteenth Amendment.

Plaintiff was taken and placed in a detox hold on June 23, 2018. He was transferred to the Weld County North Jail Complex and detained there for unclear reasons. He sat, handcuffed, in a hallway intake area of the jail after he arrived. Despite doing nothing aggressive or intimidating, and despite there being no security issue or crisis, defendants Piscoya, Penny, and Wilson, members of the Special Operations Group (SOG), arrived in the hallway dressed in green military-style fatigues, holding Kel-Tec 12-gauge shotguns. These defendants placed protection in their ears and prepared for a planned assault on the Plaintiff. Defendants Martinez, Recor, Erickson, Coble, and Thompson observed the SOG defendants preparing for an attack and knew what was about to occur. Defendants Wilson, Piscoya, Penny, Martinez, and Recor escorted Plaintiff down the hallway and into a small cell out of view of surveillance cameras. They ordered plaintiff face

2

down on the floor, which Plaintiff complied with.

Back in the lobby, Defendants Coble and Erickson knew what was about to ensue. The defendants still in the lobby began covering their own ears and looking down the hallway expectantly, waiting for the violence against Plaintiff to commence and failing to intervene or do anything about it despite having plenty of time to intervene. Moments later, the brutality against Plaintiff began. While Plaintiff lay on the ground, SOG Defendant Piscoya fired at least two concussion explosives, or Nova Distraction Rounds, from his Kel-Tec Shotgun in Plaintiff's direction. The blasts created a flash and a forceful and loud explosion. They violently shook the security cameras in the hallway. At the same time, SOG Defendant Penny also smashed Plaintiff's head and face into the floor so forcefully that he broke Plaintiff's glasses and caused serious injury, including a large gash and a concussion. On information and belief, Defendant Penny acted consistent with the direction of Defendant Martinez, the supervisor present. Defendants Recor and Erickson directly participated in and helped the assault against Plaintiff, escorting Plaintiff to the cell and providing support for the assault. Both also failed to intervene in and prevent the unnecessary violence against plaintiff. The civil rights violations in this case were caused by the conduct and policies of Defendant Reams in his individual capacity and the Board of County Commissioners.

Plaintiff was hospitalized and suffered injuries including eleven stitches to the large laceration in his forehead, and his left eye hemorrhaged. He suffered pain, physical injury, severe emotional distress, and other injury due to the Defendants' actions.

**b. Defendants:**

Defendants deny the bulk of Plaintiff's factual allegations in their Answers and state affirmatively they acted in accord with all constitutional, common law, and statutory duties and

3

without intent to cause Plaintiff harm. Defendants further assert various affirmative defenses, to wit: (i) the Complaint may fail to state a claim on which relief may be granted; (ii) Plaintiff may not be entitled to relief sought or claimed in the Complaint under one or more theories asserted; (iii) the individual Defendants are entitled to qualified immunity; (iv) some or all of Plaintiff's claims are barred by the failure of personal participation of some or all Defendants; (v) Plaintiff failed to mitigate damages; (vi) the harm Plaintiff alleges was either due to a preexisting condition, or not aggravated by act or omission of Defendants, or not proximately caused by or related to act or omission of Defendants; (vii) all or part of Plaintiff's claims never achieved the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983; (viii) no willful or wanton conduct or intent from any Defendant; (ix) the harm Plaintiff alleges was proximately caused in whole or in part by his own acts or omissions, either in combination with one another or independent of one another; (x) the harm Plaintiff alleges was caused by the acts or omissions of third parties over whom Defendants possessed neither control nor right of control; (xi) as to the detention of Plaintiff by anyone, any act or omission of Defendants was privileged under relevant law, including law enforcement privilege to use reasonable physical force to effect an arrest, keep a subject in custody, and defend himself or others; (xii) Defendants acted reasonably under the circumstances and complied with applicable legal authority in all acts and omissions associated with Plaintiff; (xiii) Plaintiff's claims may be subject to offset if he was compensated by any collateral source; (xiv) Plaintiff is not entitled to, and may not recover, duplicative damages; (xv) Plaintiff's claims may be barred in whole or in part by the doctrines of consent, estoppel, waiver, or unclean hands; (xvi) Defendants never breached any obligation or responsibility to anyone associated with any property or liberty interest of any party in relation to this matter and satisfied all contractual and legal obligations; (xvii) Plaintiff cannot satisfy all or some of the prerequisites

to a grant of equitable or injunctive relief in this matter and any request for injunctive relief is moot; (xviii) any actions complained of by Plaintiff in relation to Defendants were justified by legitimate, nondiscriminatory, penological reasons; (xix) regarding all individual Defendants, if any constitutional violation took place in their presence with their knowledge, which they deny, they did not fail or refuse to intervene and did not have any realistic, reasonable opportunity to intervene; (xx) no Defendant is liable for punitive damages under applicable law; (xxi) regarding supervisory Defendants, their policies, training, and supervision of subordinates met or exceeded constitutional and statutory standards with respect to all issues relevant to this action, they were neither aware of a relevant risk of harm to persons properly housed within the Weld County Jail, nor, even if they were aware, did they fail to take reasonable measures to prevent any such alleged risk of harm, and they did not direct, endorse, or fail to prevent the unlawful conduct of others as a supervisor; (xxi) regarding the BOCC, the relevant WCSO policies were, at all relevant times, in conformance with established constitutional and statutory law as to all issues relevant to this action, the training and supervision of WCSO personnel met or exceeded constitutional and statutory standards as to all issues relevant to this action, Plaintiff cannot establish through proof that any custom, practice, or policy of BOCC caused or contributed to any alleged injuries or damages of Plaintiff, no claim pursuant to 42 U.S.C. § 1983 may be grounded in any theory of respondeat superior or vicarious liability respecting BOCC, and BOCC may not be held jointly or severally liable with any individual Defendant; and (xxii) all rights reserved to assert other or further defenses and affirmative defenses as may become known in the course of these proceedings generally and specifically in response to any Amended Complaint Plaintiff files.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

5

1. Plaintiff Tage Rustgi was in the custody of the Weld County Sheriff's Office at the Weld County Jail at the time of his injury on June 23, 2018.

2. Defendants Recor, Coble, Erickson, Penny, Piscoya, Wilson, Martinez, and Thompson were employed by the Weld County Sheriff's Office on June 23, 2018.

3. Defendants Recor, Coble, Erickson, Penny, Piscoya, Wilson, and Martinez were present in the Weld County Jail on June 23, 2018, prior to, including, and immediately after the time of a use of force upon Plaintiff within the Jail.

4. Sheriff Reams is, and was on June 23, 2018, the Weld County Sheriff and a final decisionmaker concerning the operations, policies, and procedures of the Weld County Jail.

## 5. COMPUTATION OF DAMAGES

**a. Plaintiff:** Plaintiff claims all appropriate declaratory and other injunctive and/or equitable relief; actual economic damages as established at trial; compensatory damages, including but not limited to past and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, medical bills and other pecuniary and non-pecuniary losses on all claims allowed by law in an amount to be determined at trial; punitive damages on all federal claims allowed by law in an amount to be determined at trial; attorneys' fees and costs associated with this action; prejudgment and post-judgment interest at the highest lawful rate; issuance of an Order mandating appropriate equitable relief, including but not limited to issuance of a formal written apology from each Defendant to Plaintiff; and any further relief that this Court deems just and proper and as allowed by law.

A more precise computation of Plaintiff's damages, to the extent Plaintiff's damages are subject to such computation, will be provided during the normal course of discovery and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this

matter. Damages for emotional distress are not susceptible to the type of calculation contemplated by Rule 26(a)(1). "[C]ompensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 487 n.3 (5th Cir. 2000).

Punitive damages are sought for the § 1983 claims based upon the egregious nature of the conduct of the Defendants as set forth in the Complaint and the need to restrain such conduct in the future. Calculation of these damages and entitlements is premature and not susceptible to the type of calculation contemplated by Rule 26(a)(1). *See Smith v. Wade*, 461 U.S. 30 (1983); *Burrell v. Crown Cent. Petroleum*, 177 F.R.D. 376, 386 (E.D. Tex. 1997).

**b. Defendants:** Defendants do not seek damages at this time, but nevertheless reserve the right to pursue claims for their attorney fees and costs of litigation, as appropriate. Defendants state Plaintiff relies on certain authority to take a position as to emotional distress damages and punitive damages, which authority is not binding upon this Court.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The Rule 26(f) meeting occurred on June 23, 2021.

b. Participating attorneys and party represented:

David G. Maxted of the law firm MAXTED LAW LLC, appeared on behalf of Plaintiff. Matthew J. Hegarty of the law firm HALL & EVANS, L.L.C. appeared on behalf of Defendants.

c. The parties agree Rule 26(a)(1) disclosures were made on June 1, 2020, and the parties further agree to continue to supplement as appropriate.

d. The parties do not propose changes in timing or requirement of disclosures.

e. Statement concerning any agreements to conduct informal discovery: none.

f. The parties have agreed to limit the number of Interrogatories, Requests for Production,

Requests for Admission, Depositions, and Retained Experts as set forth in detail below, have agreed to the use of a unified exhibit numbering system, and have agreed in a general sense to take all reasonable steps to reduce discovery and litigation costs. The Parties also collaborated to prepare and file a Stipulated Protective Order, which the Court entered. [ECF 29]. Otherwise, there are no specifically agreed-on procedures to reduce discovery or litigation costs.

g. The parties anticipate some discovery of electronically stored information ("ESI"). The parties will take steps to preserve ESI to the extent it is involved in discovery or disclosures, and to the extent feasible will exchange information in PDF format. The parties agree to use a Bates-labeling system to identify disclosures and discovery to reduce discovery costs. The parties further agree to work cooperatively to avoid discovery disputes related to ESI and to be guided by the Sedona Principles to resolve any disputes which may arise concerning ESI.

h. Pursuant to Fed. R. Civ. P. 26(f), the parties briefly discussed the possibility for a prompt settlement or resolution of the case. Counsel have discussed the possibility of beginning settlement negotiations, but no substantive negotiations have occurred to date.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications proposed to the presumptive numbers of depositions or interrogatories:

1. Depositions: Plaintiffs collectively will be limited to 20 total depositions inclusive of experts, and Defendants collectively will be limited to 20 total depositions inclusive of experts, with the parties reserving the right to conduct more depositions if good cause exists.

2. Interrogatories: Plaintiff will be limited to 25 interrogatories to Defendants collectively. Defendants collectively will be limited to 25 interrogatories to Plaintiff.

b. Limits on deposition time: Other than existing limitations of Fed.R.Civ.P. 30(d)(1), the parties propose no modifications to the length of depositions.

c. Plaintiff will be limited to 25 requests for production of documents to Defendants collectively, and Defendants collectively will be limited to 25 requests for production of documents to Plaintiff. Plaintiff will be limited to 25 requests for admission to Defendants collectively, and Defendants collectively will be limited to 25 requests for admission to Plaintiff.

d. Deadline for Service of Written Discovery: 45 days prior to discovery cutoff.

e. Other Planning or Discovery Orders:

1. No opposed discovery motions can be filed with the Court until the parties comply with D.C.COLO.LCivR 7.1(a). If the parties are unable to reach agreement on a discovery issue after such conferral, they shall follow all discovery dispute procedures in Section IV of Magistrate Judge Varholak's Civil Practice Standards as to the issue. Both of these steps must be completed before any contested discovery motions can be filed with the Court.

2. Production of privileged or work-product protected documents, ESI or information, whether inadvertently or otherwise, is not a waiver of the privilege or production from discovery in this case or in any other federal or state proceeding. This section shall be interpreted to provide the maximum protection allowed by Fed.R.Evid. 502(d).

3. Nothing contained in this Order is intended to limit, or shall serve to limit, a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, segregation of privileged information, or segregation of otherwise protected information before production.

4. Parties' Positions on Service of Records Requests Pursuant to the Colorado Open Records Act ("CORA") or the Colorado Criminal Justice Records Act ("CCJRA"):

**Defendants' Position:** Given Defendants' inability to serve requests for document production upon Plaintiffs except under the Federal Rules of Civil Procedure, neither Plaintiff nor his agents, counsel, or agents of counsel, shall be permitted to serve upon Defendants any request for documents or information under CORA or CCJRA. *E.g.*, *Carranza v. Reams*, 2020 U.S. Dist. LEXIS 249877, at *11 (D. Colo. July 2, 2020) (ruling in ECF 80 one week later that Plaintiffs were precluded from serving such records requests upon the defense); *Citizen Ctr. v. Gessler*, 2012 U.S. Dist. LEXIS 98066 (D. Colo. July 16, 2012); *see* *Hutter v. Fox*, 2019 U.S. Dist. LEXIS 198052 (W.D. Wisc. Nov. 15, 2019).

**Plaintiff's Position:** Plaintiff objects to Defendants' requested order enjoining the use of the Colorado Open Records Act (CORA), C.R.S. § 24-72-201-206, or the Colorado Criminal Justice Records Act (CCJRA), C.R.S. § 24-72-301-309. Defendants seek a protective order which would enjoin Plaintiff from utilizing state public records laws or from enforcing those laws in state court. These are Colorado state statutes which govern disclosure of public records and which create causes of action in state court for their enforcement. Where a public custodian fails to comply with a CORA request, the applicant may file an action in state court for enforcement. *See id.* This Court's role is to regulate discovery in this civil action, not to prohibit or interfere with the enforcement of state public records statutes in state court, which are distinct statutes serving distinct interests. Defendants' request must be denied for several reasons.

First, Defendants' request must be denied because the Colorado Court of Appeals has addressed this issue and ruled there is no jurisdiction for such a protective order enjoining open records requests. *People in Int. of A.A.T.*, 759 P.2d 853, 855 (Colo. App. 1988) (holding a trial court lacks jurisdiction to issue a protective order regarding open

10

records requests). The Court there observed that a "claim of entitlement to access to public records under the Act presents issues distinct from the issue of the discoverability of possible evidence for use in litigation." *Id.* Disputes over the enforcement of CORA must be resolved in state court actions as the statute requires—this Court cannot prohibit applicability of that state statute nor interfere with its enforcement. *Id.* The exact same reasoning and holding applies here, so Defendants' request must be denied.

Second, there is no federal jurisdiction to enjoin the use of a state statute or a state civil action for public records. An order essentially prohibiting a plaintiff from use of a state statute or access to state court is "antipathetic to established principles of comity" and federalism. *O'Shea v. Littleton*, 414 U.S. 488, 501 (1974). Furthermore, because CORA creates a state cause of action for its enforcement, Defendants' request would amount to a federal injunction prohibiting state court proceedings under CORA in violation of the Anti-Injunction Act of 1793. 28 U.S.C. § 2283; *see, e.g., Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297 (1970) (reversing grant of injunction involving state proceedings under § 2283 and "fundamental principle of a dual system of courts").

Finally, the cases cited by Defendants do not support its position or are distinguishable. In *Carranza v. Reams*, Chief Judge Brimmer denied the defendant's request for a protective order prohibiting open records requests during the litigation. 20-cv-977-PAB (Doc. 48, Minute Order April 27, 2020). Magistrate Judge Crews in the Scheduling Order (Doc. 80) did not—and could not—overrule Chief Judge Brimmer's order, but instead merely stated that CORA should not be utilized "when the information can be obtained from Mr. Reams," the defendant in that case. *Id.* The Scheduling Order

therefore presumed CORA could be utilized for other purposes, and that anything discoverable may be obtained in regular discovery channels. Similarly, in *Citizen Ctr. v. Gessler*, the court stressed its limitation only applied to information otherwise discoverable: the plaintiff "shall refrain during discovery" from submitting CORA requests for "records that are otherwise obtainable using discovery in order to prevent plaintiff from using CORA as a means to exceed the discovery limits included in this Order." 2012 U.S. Dist. LEXIS 98066 (D. Colo. July 16, 2012).

The Court in *Gessler*, like Magistrate Crews in *Carranza*, may have erred in light of the jurisdictional limitations argued herein, and in light of the dispositive state case cited herein, *People in Int. of A.A.T.*, 759 P.2d 853, so those potentially erroneous decisions should not be followed by this Court. In any event, neither case is controlling and were far more limited in scope than what Defendants seek here.

Finally, *Hutter v. Fox*, relied on by Defendants, contradicts their position: it did not restrict the plaintiff's ability to utilize open records laws. Rather, the Court there denied a motion to compel discovery and for sanctions where the plaintiff had also submitted open records requests, noting that Hutter "never served proper discovery requests seeking the information he discussed in his motion to compel," and that a litigant "cannot use a motion to compel discovery to obtain a response to his open records request." 2019 U.S. Dist. LEXIS 198052 at *14 (W.D. Wisc. Nov. 15, 2019). Thus, *Hutter* undermines Defendants' position here, and specifically does not prohibit use of state open records laws. Rather, that case merely states that a discovery motion to compel or for sanctions may not be utilized to obtain records sought through open records requests. Defendants' request must be denied.

THE COURT: After hearing argument from the parties concerning their positions on service of records requests pursuant to CORA and CCJRA, the Court hereby

The Parties shall go through the Court's joint discovery dispute procedure
ORDERS _____.

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: 08/30/2021

b. Discovery Cut-off: 04/15/2022

c. Dispositive Motion Deadline: 05/16/2022

d. Expert Witness Disclosure:

1. Anticipated fields of expert testimony: **Plaintiff:** Plaintiff anticipates retaining experts in the fields of use of force, use of weapons by jail staff, and jail operations, security, and policies and procedures. Plaintiff may call experts in other areas as well. **Defendants:** Defendants anticipate retaining experts in: the fields of use of force and jail operations, security, and policies and procedures; a municipal liability expert; any field necessary to rebut any expert called by Plaintiff; and Defendants reserve the right to call additional experts in other areas of testimony.

2. Plaintiff individually and Defendants collectively shall be limited to a total of four (4) retained expert witnesses each, pursuant to Fed. R. Civ. P. 26(a)(2)(B).

3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 01/14/2022.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 02/25/2022.

    e.  Identification of Persons to Be Deposed:

| Deponent | Date of Deposition | Time of Deposition | Expected Length |
|---|---|---|---|
| Defendant Reams | TBA | TBA | 7 hours |
| Defendant Recor | TBA | TBA | 7 hours |
| Defendant Piscoya | TBA | TBA | 7 hours |
| Defendant Martinez | TBA | TBA | 7 hours |
| Defendant Thompson | TBA | TBA | 7 hours |
| Defendant Penny | TBA | TBA | 7 hours |
| Defendant Wilson | TBA | TBA | 7 hours |
| Defendant Coble | TBA | TBA | 7 hours |
| Defendant Erickson | TBA | TBA | 7 hours |
| 30(b)(6) witnesses for the County | TBA | TBA | 7 hours |
| Plaintiff Rustgi | TBA | TBA | 7 hours |
| Expert witnesses for each side | TBA | TBA | 7 hours |
| Joseph Garcia | TBA | TBA | 7 hours |
| Cory Channel | TBA | TBA | TBA |
| Any and all treating health care providers of Plaintiff[1] | TBA | TBA | TBA |

    f.  Deadline for Service of Interrogatories:

All interrogatories must be served no later than 45 days prior to the discovery cut-off.

    g.  Deadline for Service of Requests for Production of Documents and/or Admissions:

All requests for production and admissions must be served no later than 45 days prior to the discovery cut-off.

## 10.    DATES FOR FURTHER CONFERENCES

    a.  Status conferences will be held in this case at the following dates and times:

_____.

    b.  A final pretrial conference will be held in this case on July 20, 2022 at 9:30 a.m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than

---

[1] As discovery progresses, Defendants will gain a better understanding of the physicians to be deposed. Defendants do not presently anticipate requiring depositions beyond the presumptive limitations established by this Scheduling Order, but they reserve the right to revisit this position.

seven (7) days before the final pretrial conference.

## 11.   OTHER SCHEDULING MATTERS

a.  The parties have no disagreements concerning discovery or scheduling other than whether this Court should preclude use of the Colorado Open Records Act or the Colorado Criminal Justice Records Act in connection with this case.

b.  The parties anticipate the jury trial will take 10 days.

c.  No pretrial proceedings would be better conducted at one of the District Court's other facilities.

## 12.   NOTICE OF COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.   AMENDMENTS TO THE SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 21st day of July, 2021.

BY THE COURT:

_[signature]_

15

                                             United States Magistrate Judge Scott T. Varholak

REVIEWED AND APPROVED:

| | |
|---|---|
| *s/ David G. Maxted* | *s/ Matthew J. Hegarty* |
| David G. Maxted | Matthew J. Hegarty |
| MAXTED LAW LLC | Hall & Evans, L.L.C. |
| 1543 Champa Street, Suite 400 | 1001 17th Street, Suite 300 |
| Denver, CO 80202 | Denver, CO 80202 |
| Phone: 720-717-0877 | Phone: 303-628-3300 |
| dave@maxtedlaw.com | hegartym@hallevans.com |
| | |
| Kathryn J. Stimson | *Attorneys for Defendants* |
| STIMSON STANCIL LABRANCHE HUBBARD, LLC | |
| 1652 Downing Street | |
| Denver, CO 80218 | |
| Phone: 720-689-8909 | |
| stimson@sslhlaw.com | |
| | |
| *Attorneys for Plaintiff Tage Rustgi* | |